# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: S.W.**

**No. 15-0166** (Jackson County 14-JA-51)

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father R.W., by counsel Seth Harper, appeals the Circuit Court of Jackson County's January 26, 2015, order terminating his parental rights to S.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ryan M. Ruth, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the Circuit Court of Kanawha County terminated petitioner's parental rights to his older son. These prior proceedings were initiated because petitioner exposed his son to two different methamphetamine labs and used methamphetamine in the presence of the child. Ultimately, the Circuit Court of Kanawha County terminated petitioner's parental rights because he did not participate in the proceedings, failed to rectify the conditions that led to the filing of the underlying petition, and failed to admit that he had a substance abuse problem.

In July of 2014, petitioner's girlfriend gave birth to S.W., petitioner's biological child. Several days later, the DHHR filed a petition for immediate custody of the minor child in imminent danger alleging that petitioner previously had his parental rights to his older son involuntarily terminated. The DHHR also alleged that petitioner abused illegal drugs. Thereafter, the circuit court held a series of adjudicatory hearings to take evidence on the DHHR's allegations. Petitioner's service providers testified that his parental rights to another child were

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

involuntarily terminated based upon his substance abuse and his failure to participate in services. West Virginia State Trooper S.P. Demaske testified that he arrested petitioner during the prior proceedings for two counts of attempting to operate a methamphetamine lab, two counts of conspiracy to operate a methamphetamine lab, two counts of possession of methamphetamine with intent to distribute, one count of obstruction, one count of possession of pseudoephedrine in an altered state, one count of exposure of methamphetamine to a child, and one count of possession of marijuana with intent to distribute. A Jackson County probation worker testified that petitioner tested positive for methamphetamine during the current proceedings. In contrast, petitioner testified that he did not expose his older child to a methamphetamine lab during the prior abuse and neglect proceedings. Petitioner also testified that he does not have a substance abuse problem. Ultimately, the circuit court found that petitioner was an abusive and/or neglectful parent based, in part, upon his current methamphetamine use.

The circuit court held a review hearing in December of 2014, during which petitioner's counsel proffered that petitioner was reluctant to request an improvement period because it would interfere with his employment. The circuit court ordered petitioner to submit to a psychological evaluation and a drug screen. Petitioner tested positive for illegal drugs. In January of 2015, the circuit court held a dispositional hearing. While petitioner testified that he would participate in any services to regain custody of his child, he also testified that he was reluctant to participate in an in-patient substance abuse program. Furthermore, petitioner admitted that he used methamphetamine during the proceedings, including three days prior to the dispositional hearing. Thereafter, the circuit court terminated his parental rights and denied his motion for a post-adjudicatory improvement period by order entered January 26, 2015. Petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. We disagree. To begin, because this case constituted aggravated circumstances due to the prior involuntary terminations of petitioner's parental rights, the DHHR was not required to offer any services to achieve reunification, pursuant to West Virginia Code § 49-6-5(a)(7)(C). Furthermore, West Virginia Code § 49-6-12(c)(2) requires that, in order to obtain an improvement period, petitioner must "demonstrate[ ], by clear and convincing evidence, that [he] is likely to fully participate in the improvement period . . . ." Here, the record is clear that petitioner did not satisfy this burden. The only evidence that petitioner was likely to fully participate in a post-adjudicatory improvement period was his own self-serving testimony. The evidence introduced during the underlying proceedings supports the circuit court's decision to deny petitioner an improvement period. The circuit court was presented with evidence that petitioner's parental rights were terminated to his older child for failing to participate in services to remedy his drug abuse. The circuit court also heard testimony that petitioner failed two drug screens and failed to complete a psychological evaluation during the current underlying proceedings. Petitioner also admitted to using methamphetamine during the current underlying proceeding, including three days prior to his dispositional hearing. For these reasons, the circuit court did not err in denying petitioner's motion for an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 26, 2015, order is hereby affirmed.

Affirmed.

**ISSUED:** October 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II